UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOREST GUARDIANS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, Secretary of the Interior, )<br>)<br>Defendant. )<br>_____) | Civil No. 06-183 (RBW) |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

Plaintiffs, Forest Guardians, Boulder Regional Group, and Center for Native Ecosystems, and Defendant, Dirk Kempthorne, sued in his official capacity as Secretary of the Interior,[1] by and through their undersigned counsel, state as follows:

WHEREAS, on or about February 3, 2003, Defendant, through the U.S. Fish and Wildlife Service ("Service"), received a petition (the "Petition") to reclassify the Utah prairie dog (*Cynomys parvidens*) from a threatened species to an endangered species, pursuant to the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA");

WHEREAS, by letter dated February 2, 2004, Plaintiffs provided Defendant with written notice of their intent to sue, challenging Defendant's failure to issue a "90-day finding" in response to the Petition as required by 16 U.S.C. §§ 1533(b)(3)(A);

WHEREAS, on February 2, 2006, Plaintiffs filed a complaint for injunctive and declaratory relief, challenging this alleged violation of Section 4 of the ESA;

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), in his official capacity, Dirk Kempthorne is automatically substituted as a Defendant in place of Gale Norton.

WHEREAS, the parties subsequently engaged in settlement discussions and agreed in principle to settle this matter on terms mutually agreeable to the parties;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.  On or before February 16, 2007, the Service shall submit to the Office of the Federal Register, for publication in the *Federal Register*, a determination as to whether the Petition presents substantial information indicating that the petitioned action may be warranted pursuant to 16 U.S.C. § 1533(b)(3)(A). If the Service finds that the Petition has presented substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service shall submit a 12-month finding as to whether the petitioned action is warranted pursuant to 16 U.S.C. § 1533(b)(3)(B) to the *Federal Register* by November 16, 2007.

2.  Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

3. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4.

4. The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before bringing any matter to the Court. If the parties are unable to resolve the claim within 30 days after the notice, either party may bring the claim to the Court.

5. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a 90-day or 12-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

6. Defendant agrees that Plaintiffs are the "prevailing party" in this action, and agrees to pay Plaintiffs' reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendant agrees to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $6,232.42. A check will be made

payable in that amount to Robert Ukeiley, P.S.C. and mailed to Robert Ukeiley, Law Offices of Robert Ukeiley, 433 Chestnut Street, Berea, KY 40403;

     7.     Defendant agrees to submit all necessary paperwork to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed court order approving this stipulation;

     8.     Plaintiffs agree to accept payment of $6,232.42 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement;

     9.     Plaintiffs agree that receipt of this payment from Defendant shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement;

     10.     The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action;

     11.     By this agreement, Defendant does not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action.  Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

     12.     Subject to the qualifications in Paragraph 13, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law

or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

13. Defendant asserts that no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. In response, Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiffs intend to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendant reserves all legal and equitable defense to such a claim.

14. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

15. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

16. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

17. Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

Dated: June 1, 2006                             Respectfully submitted,

    s/ Robert Ukeiley
ROBERT UKEILEY (MD14062)
Law Office of Robert Ukeiley
433 Chestnut Street
Berea, KY  40403
Telephone:  (859) 986-5402
Facsimile:  (859) 986-1299
rukeiley@igc.org

    s/ Brian A. Litmans
BRIAN A. LITMANS
7107 Holly Ave.
Tacoma Park, MD  20912
Telephone:  (301) 587-2619
Facsimile:  (301) 587-2619
litmans@worldnet.att.net

Attorneys for Plaintiffs


SUE ELLEN WOOLDRIDGE
Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

    s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney (IL6243249)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0207
Facsimile: (202) 305-0275
joseph.kim@usdoj.gov

Attorneys for Federal Defendants

## **ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated:  this _____ day of _____ 2006.


                                                          _____
                                                          Reggie B. Walton
                                                          United States District Judge